**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| DION HANDSPIKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.    1:17-CV-17-TWP-CHS |
| | ) | |
| CORPORAL PATTERSON and JASON | ) | |
| WOODRING, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on a *sua sponte* review of the record.  On November 20,

2017, Dion Handspike ("Plaintiff") notified the Court of his release from the Trousdale Turner

Correctional Center and updated his address to the Project Return in Nashville, Tennessee [Doc.

11].  The Court has no other address on file for Plaintiff.

On March 6, 2019, the Court entered a Scheduling Order in this matter [Doc. 24].  On

March 18, 2019, however, the Court's Order was returned as "Undeliverable" noting that Plaintiff

is no longer at this location [Doc. 24].

On March 25, 2019, this Court ordered Plaintiff to show cause within fourteen days, as to

why his case should not be dismissed based on his failure to report his change of address to the

Clerk of Court [Doc. 25].  Plaintiff was notified that failure to respond to the Order will result in

the case's dismissal [*Id*. at 2].  Plaintiff has not updated his address with the Court or responded to

the Court's show cause order and the time to do so has passed.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for

"failure of the plaintiff to prosecute or to comply with these rules or any order of the court."  *See,*

*e.g., Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). Involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

> The Court considers four factors when considering dismissal under Rule 41(b):
>
> (1) whether the party's failure is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to prosecute this action can be attributed to his own willfulness or fault. Notably, the last three orders entered by this Court requesting action on behalf of Plaintiff have been ignored or returned [Docs. 19, 21, 25]. Whether willful or negligent, Plaintiff has failed to respond to the Court orders, has not updated his address, and otherwise has failed to monitor or pursue this action in any way since. Plaintiff has not filed anything in this action since November 20, 2017 [*See* Doc. 12]. Pursuant to Local Rule 83.13, it is the duty of the pro se party to monitor the progress of the case and to prosecute or defend the action diligently. *See* E.D. Tenn. L.R. 83.13. Accordingly, the first factor weighs in favor of dismissal.

The second factor, however, weighs against dismissal; since this case is in the early stages of litigation, Defendants have not yet been prejudiced by Plaintiff's inactions. Although,

Defendants may have been inconvenienced by Plaintiff's inactions, they have not been prejudiced beyond filing an answer to the complaint and having to wait for the case to progress.

By contrast, the third factor clearly weighs in favor of dismissal, as Plaintiff has failed to comply with the Court's orders specifically notifying Plaintiff of his duty to update his address and warning him of the possible consequences of such failure in at least four different Court orders [Doc. 19 p. 9; Doc. 20 p. 1; Doc. 23 p. 3; Doc. 25 p. 2].

Finally, the Court finds that alternative sanctions would not be effective. Plaintiff has filed a motion for leave to proceed *in forma pauperis*; therefore, the Court has no indication that Plaintiff has the ability to pay a monetary fine. Moreover, there seems little purpose allowing alternative sanctions where Plaintiff has apparently abandoned his case showing a lack of respect for this Court's deadlines and orders, even after threatened with its dismissal.

The Court thus concludes that, in total, the factors weigh in favor of dismissal of Plaintiff's action with prejudice pursuant to Rule 41(b). For these reasons, this action is hereby **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b).

**AN APPROPRIATE ORDER WILL ENTER.**

**E N T E R:**

_s/ Thomas W. Phillips_____
Senior United States District Judge